IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| INSTITUTE FOR AN OPEN SOCIETY IN THE MIDDLE EAST, INC; MAJOR GENERAL RICHARD SECORD (USAF RET.); JOHN QUEMARS NAIMI: SEYED REZA (ALIREZA) NOURIZADEH; and KOUROUSH RADMANESH, <br><br> Plaintiffs <br><br> v. <br><br> IRAN E ARYAEE INTERNATIONAL TV & RADIO BROADCASTING CORP; MEHDI (ARAYAN) VATANKHAH and ISLAMIC REPUBLIC OF IRAN, <br><br> Defendants | CIVIL ACTION NO._____ <br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiffs Institute for an Open Society in the Middle East, Inc., Major General Richard Secord (USAF Ret.), John Quemars Naimi, Seyed Reza (Alireza) Nourizadeh and Kouroush Radmanesh, for their Complaint against Defendants Iran E Aryaee International TV & Radio Broadcasting Corp, Mehdi (Arayan) Vatankhah and the Islamic Republic of Iran, state and allege as follows:

### NATURE OF ACTION

1. This is an action at law for defamation and civil conspiracy.

2. The individual plaintiffs in this action are a former senior U.S. military officer and three Iranian expatriates who have long been well-known activists for human rights and regime change in Iran and recently have become targets of the current Iranian regime. Two of

the plaintiffs have relatives who have been arrested in Iran; those two plaintiffs also have had death warrants issued by the Iranian government.

3. The current Iranian regime is well known for its state sponsorship of terrorism and mistreatment of its citizens. The regime uses thousands of agents in the United States to engage, among other things, in infiltration of opposition organizations in the U.S. and the creation of organizations appearing to represent the interests of Iranian-Americans while secretly working to undermine authentic opposition organizations.

4. A well-known example is the National Iranian American Council (NIAC), which was exposed, in the case of *Parsi v. Daioleslan*, Case No. 08-cv-705-JDB (D.D.C), as working closely with the Iranian regime to represent its interests in the U.S. in which , summary judgment was entered for the defendant and an award of sanctions and costs against defendant was upheld by the U.S. Court of Appeals for the District of Columbia Circuit.

5. The current regime is under severe pressure currently as the standard of living for Iranians has been declining, there is widespread dissatisfaction with the harsh rule of the Islamic clerics and the Islamic Revolutionary Guards Corps and opposition to the regime within Iran is growing

6. In this case, working at the behest of and, it is believed, with financing from the Islamic Republic of Iran, Defendants Vatankhah and the television channel he operates, Iran E Aryaee TV, have recently began viciously to attack the organizational Plaintiff, Institute for Open Society in the Middle East (IOSME) and the individual Plaintiffs, on programs broadcast on that channel, with false statements about plaintiffs in an effort to destroy their credibility and reputations and making them seem unfit to assume their roles as leaders of a movement in opposition to the current regime.

**THE PARTIES**

7. Plaintiff Institute for an Open Society in the Middle East, Inc. ("IOSME") is a Florida not-for-profit corporation organized to advocate for the protection of human rights in, and change of the current regime governing, the Islamic Republic of Iran. Its principal place of business is in Florida. IOSME commands broad support from numerous U.S. citizens of Iranian ancestry including persons who escaped from Iran during or in the wake of the Iranian revolution of 1979 and emigrated to the U.S. IOSME educates the U.S. public about the practices and policies of the current regime in Iran, the activities of the regime in the U.S. and around the world and advocates for policies to undermine the regime, promote respect for human rights in Iran and support the indigenous popular movements within Iran for regime change.

8. Plaintiff Major General Richard Secord (Ret.) is a citizen and resident of Florida. He has a long and distinguished military and government career, including service in Vietnam, assistant deputy chief of staff for operations U.S. Air Force Special Operations Force, chief Air Force Section, Military Assistance Advisory Group, Iran, managing all U.S. Air Force Programs in Iran from 1975-1978. He was promoted to the rank of Major General in the U.S. Air Force in 1980 and from 1981 to 1983 served as Deputy Assistant Secretary of Defense for International Security Affairs—Near East, Africa and South Asia. General Secord is a volunteer advisor to IOSME, working closely with the group to lend his expertise and experience to the U.S. activists promoting regime change in Iran.

9. Plaintiff John Quemars Naimi is a citizen and resident of Florida. He is the president and a member of the board of directors of IOSME. He has worked with the family of the late Shah of Iran to promote efforts to restore the monarchy; and has funded programs and

communications opposing the current regime and promoting human rights in Iran. He has provided funding to opposition groups to the current regime in Iran.

10. Plaintiff Seyed Reza (Alireza) Nourizadeh is a resident of London, United Kingdom. Prior to the Iranian Revolution he edited a newspaper in Iran. He has served as a senior researcher and director at the Centre for Arab and Iranian Studies, and known by Iranian community throughout the world for exposing the wrongdoing and corruption of the current regime and for expressing strong opposition to the current regime. He has served as a correspondent for Deutsche Welle, a commentator for Voice of America and a senior writer for a London-based Saudi-owned newspaper, and appeared on Arabic and Farsi language television and radio outlets. Nourizadeh has advised Western governments about dealing with the current Iranian regime.

11. Plaintiff Kouroush Radmanesh is a citizen and resident of Sweden. He is a well-known activist opposed to the current regime in Iran, with numerous followers on social media platforms. Until recently, he was a regular guest on Iran E Aryaee TV, where he harshly criticized the current regime in Iran; and has been a vocal supporter of IOSME and the Coalition of Iranian Opposition Groups, an arm of IOSME.

12. Defendant Iran E. Aryaee International TV & Radio Broadcasting Corporation ("Iran Aryaee TV") is a California corporation with its principal place of business in California. Iran Arayee TV operates a Farsi-language television program on a variety of channels and platforms as set forth below.

13. Defendant Mehdi (Aryan) Vatankhah is a citizen and resident of California. He is the owner and operator of Iran Aryaee TV, and appears as the anchor of most of the programming broadcast by Iran Aryaee TV.

14. Defendant Islamic Republic of Iran is the sovereign nation of Iran.

**JURISDICTION AND VENUE**

15. This Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §1332(a)(3), as this action is between citizens of different States and is one in which citizens of a foreign state are additional parties; and in which the damages claimed by Plaintiffs exceed the sum of $75,000 exclusive of interests and costs.

16. There is no judicial district in which all defendants are residents of the State in which the district is located. Because the defamatory statements at issue were broadcast all over the United States, there is no one judicial district in which a substantial part of the events giving rise to the claim occurred.

17. According to the latest available U.S. Census figures, there are approximately 12,000 residents of Iranian descent in the Commonwealth of Virginia, representing 4.2% of the total U.S. Iranian population; and the Northern Virginia/District of Columbia area is one of the metropolitan areas with the highest concentration of U.S. citizens of Iranian descent. On information and belief, Iran Aryaee TV is viewed by thousands of Virginia residents of Iranian descent residing within the Eastern District of Virginia.

18. Accordingly, Defendants Iran Aryaee TV and Vatankhah must have reasonably expected the broadcasts at issue to be viewed in the Commonwealth of Virginia and the Court has personal jurisdiction over those Defendants, with respect to this action. Therefore, venue in this district is proper under 28 U.S.C. §1391(b)(3).

## FACTUAL ALLEGATIONS

19. Iran Aryaee TV broadcasts programs in Farsi, the language of Iran, including a significant amount of commentary, by Vatanakhah and guest commentators, on current events and developments in Iran.

20. Iran Aryaee TV disseminates its programming through a number of channels and platforms, including without limitation Facebook Livestream, a dedicated YouTube channel, and satellite services including Hotbird, Galaxy, GLWiz and Eutelsat.

21. On information and belief, Iran Aryaee TV is regularly viewed by tens of thousands of U.S. citizens of Iranian descent, located throughout the U.S.

22. Until 2018, Iran Aryaee TV's programming was supportive of the efforts to restore the monarchy and depose the current regime in Iran; and was supportive of IOSME and other groups advocating for regime change in Iran.

23. Plaintiff Naimi and Defendant Vatankhah have been friends and acquaintances for approximately ten years.

24. In or about November 2017, Vatankhah told Naimi that the Iran Aryaee TV was experiencing severe financial difficulties, and asked Naimi for assistance in identifying financing for the company. Naimi declined to assist Vatankhah or Iran Aryaee TV.

25. On or about 2006 and 2017, the Islamic Republic of Iran tried Naimi, in absentia, and issued a judgment that he be sentenced to death. In or about 2006, Naimi's 90-year old mother was arrested in Iran and subjected to mental torture.

26. On or about August 2017, the Islamic Republic of Iran tried Nourizadeh in absentia and issued a judgment that he be sentenced to death. In 2016, Nourizadeh's 48 year old

brother was arrested and subjected to torture. He died a few days after his release from prison from "unknown reasons."

27. Despite its reported financial difficulties, Iran Aryaee TV continued to operate into 2018. The broadcast channel operates daily. It carries no advertising whatsoever and has no other apparent sources of revenue. Vatankhah solicits contributions from viewers on the air, but on information and belief, has received few if any voluntary donations from viewers.

28. On information and belief, the Islamic Republic of Iran has provided funding to Iran Aryaee TV to sustain its operations in the first quarter of 2018. On information and belief, the Islamic Republic of Iran and Vatankhah communicated with each other and formulated a common plan of action to injure the reputations of the Plaintiffs and to deter Iranian-Americans from joining and supporting IOSME.

29. Beginning in January 2018, Vatankhah, who has long claimed to be opposed to the regime in Iran and to support restoration of the monarchy, used Iran Aryaee TV to attack the individual Plaintiffs, all of whom have also supported efforts to restore the monarchy and/or otherwise to overthrow the current regime in Iran.

30. On January 4, 2018, Vatankhah stated on a program broadcast on Iran Aryaee TV that Nourizadeh supports the return to power of former Iranian President Mohammad Khatami, implying that Nourizadeh does not support the overthrow of the current regime in Iran.

31. On January 5, 2018, Vatankhah stated on a program broadcast on Iran Aryaee TV that Nourizadeh "is not pro- overthrowing of this [current regime]."

32. On February 7, 2018, Vatankhah stated on a program broadcast on Iran Aryaee TV that "Mr. George Soros is behind" IOSME and "did you know what disgraceful well-know agents they are?"

33. On that same program, Vatankhah stated that General Secord and Radmanesh are "following a . . . plan" created by Mr. Soros.

34. On that same program, Vatankhah stated that General Secord is "known to be a charlatan and a crook" and that General Secord, IOSME, Radmanesh and Nourizadeh are together "work[ing] with [the] Islamic Republic and to promote [former President of Iran Mohammed] Khatami."

35. On February 8, 2018, Vatankhah stated that by exposing Radmanesh, Iran Aryaee TV "never gave him a chance to implement the George Soros, IOSME plan in here."

36. On that same program, on February 8, 2018, Vatankhah stated that "this Nourizadeh and other dirty ones are co-operating together and are implementing the exact George Soros plans too."

37. On March 16, 2018, on a program broadcast on Iran Aryaee TV, Vatankhah stated that the name of IOSME "is from George Soros" and "Just look how much money Alireza Nourizadeh must have received [from Soros] for promoting them, [IOSME] … Just see.. how much money Alireza Nourizadeh must have received for that propaganda…"

38. On March 17, 2018, on a program broadcast on Iran Aryaee TV, a guest commentator Saeed Ghasemi, stated that there is proof of "cooperation between IOSME with . . . George Soros" and that Soros had contributed $28 million to IOSME: "I have disclosed it a year go with proof and evidence about the cooperation between IOSME company with the George Soros, with all the facts about the IOSMME—George Soros groups which there is written itself in the Soros website the amount of $28,000,000 are to be spent for the human rights in the Middle East under the name of IOSME."

39. Saeed Ghassemi, Nasser Ghalami, Mr. Ahmadi, Mehran Kamalpour and Shahnaz Ghahremani, who are unnamed defendants, each combined and conspired with Vatankhah to appear on Aryaee TV claiming to be independent third parties who could verify and support the statements made above by Vatankhaha, when in fact they were shills for the Republic of Iran and their statements were willfully and maliciously false.

40. George Soros is a well-known Hungarian-American investor, billionaire and philanthropist, who created the foundations which support a variety of philanthropic efforts. The Soros foundations have absolutely no relationship to IOSME and neither Soros nor any of his foundations have contributed any funds to IOSME.

41. Soros has been identified with, and has reportedly supported, organizations supporting greater U.S. engagement with the current Iranian regime. The statement that Soros and his foundations supported IOSME to the extent of tens of millions of dollars, and that Plaintiffs were working with Soros and his foundations states and implies that IOSME is the tool of a non-Iranian U.S. billionaire and that Plaintiffs, rather than believing in their cause, are actually sympathetic with the current regime and have been paid off to abandon their cause.

42. Vatankhah made that implication explicit by stating on his programs on January 4 and 5, 2018, that IOSME and the individual Plaintiffs do not actually support overthrow of the current regime in Iran and the promotion of human rights in that country.

43. The statements made by Vatankhah and disseminated by Iran Aryaee TV as set forth in paragraphs 29-38, 41 above are defamatory per se as to all Plaintiffs because they state and/or imply that IOSME is a fraudulent organization and that the individual Plaintiffs have acted fraudulently and corruptly, thereby rendering Naimi unfit to serve as an officer and

director; rendering Nourizadeh and Radmanesh unfit and lacking in integrity in their roles as leaders and leading spokespersons for the opposition to the current regime.

44. The statement made by Vatankhah that General Secord is "known to be a charlatan and a crook" imputes to General Secord the commission of a criminal offense involving moral turpitude and imputes to him unfitness to serve as the key advisor to IOSME.

## COUNT ONE
## DEFAMATION (Iran Aryaee TV and Vatankhah)

45. Plaintiffs hereby incorporate by reference all of the allegations of paragraphs 1 through 44 of this Complaint.

46. The statements set out in paragraphs 29 through 38 are defamatory per se for the reasons stated in paragraphs 41 through 43.

47. Each and every statement set forth in paragraphs 29- through 38 is false and was false when made.

48. Vatankhah is intimately familiar with the Plaintiffs and their backgrounds, activities and reputations. Vatankhah actually knew that each and every statement set forth in paragraphs 29 through 38 was false when he made those statements or others made the statements on Iran Aryaee TV.

49. Vatankhah lacked reasonable grounds for making any of the statements set forth in paragraphs 28 through 38 and acted negligently in failing to attempt to ascertain the truth thereof.

50. Each of the statements made by Vatankhah and broadcast by Iran Aryaee TV involve publication about the plaintiffs of actionable statements made with the intent to prejudice

and damage plaintiffs in their professions and trade, as well as in their reputation in the community.

51. Each of the statements referred to above was made with knowledge that they were false or made with reckless disregard of whether they were false or not.

52. Each of the statement referred to above was defamatory by implication when considered in the context made.

53. As a result of the publication of the statements set forth in paragraphs 29 through 38 by Defendants Vatankhah and Iran Aryaee TV, IOSME and the individual Plaintiffs have suffered injury to their reputations and loss of donations and support; and have required IOSME to expend additional funds to generate support in the Iranian-American community and to communicate the truth about the activities of the organization.

54. Accordingly the statements set forth in paragraphs 29 through 38 are also defamatory per quod because with reference to the extrinsic facts, the statement individually and taken together as a whole have proximately caused injury to the reputation of IOSME and the individual Plaintiffs.

## COUNT TWO

## COMMON LAW CIVIL CONSPIRACY (All Defendants)

55. Plaintiffs hereby incorporate by reference the allegations of paragraph 1 through 44 of this Complaint as though fully set forth herein.

56. The Islamic Republic of Iran combined with Vatankhah and Iran Aryaee TV to effect a preconceived plan and unity of design and purpose, to undermine and destroy IOSME and preclude the individual Plaintiffs from effectively operating IOSME and carrying out its purposes and goals.

57. This combination and conspiracy included co-conspirators Saeed Ghassemi, Nasser Ghalami , Mr. Ahmadi, Mehran Kamalpour and Shahnaz Ghahremani who are unnamed co-conspirators, each of whom appeared with Vatankhah on Aryaee TV claiming to be independent third parties who verified and supported the statements made above by Vatankhaha when in fact they were shills for the Republic of Iran and had combined , associated, agreed and concerted together as part of the conspiracy to willfully and maliciously injure Plaintiffs' reputations, business and profession.

58. The means for implementing that common purpose was the publication of the false and defamatory statements described in paragraphs 29 through 38.

59. The common plan therefore had a tortious and unlawful purpose.

60. The Islamic Republic of Iran, Vatankhah and Iran Aryaee TV and the unnamed co-conspirators have carried out a conspiracy to accomplish the common purpose by unlawful and tortious means.

61. A result of the combination of Vatankhah and Iran Aryacee TV and the unnamed co-conspirators described above, Plaintiffs suffered resultant damage caused by the Defendants acts committed in furtherance of their conspiracy.

## COUNT THREE

### STATUTORY CIVIL CONSPIRACY (All Defendants)

62. Plaintiffs hereby incorporate by reference the allegations of paragraph 1 through 44 of this Complaint as though fully set forth herein.

63. The Islamic Republic of Iran combined with Vatankhah, Iran Aryaee TV and the unnamed co-conspirators listed in paragraph 57 above to effectuate a preconceived plan and

unity of design and purpose, to undermine and destroy IOSME and preclude the individual Plaintiffs from effectively operating IOSME and carrying out its purposes and goals.

64. The means for implementing that common purpose was the publication of the false and defamatory statements described in paragraphs28 through38.

65. The purposes of the combination described above was tor willfully and maliciously injuries Plaintiffs 'reputations, trade, business and professions.

66. The combination described above resulted in damage to the Plaintiffs.

67. The combination described above violated Virginia's business conspiracy statute, Va. Code §18.2-499.

68. Under Va. Code §18.2-500, "[a]any person who [is] injured in his reputation, trade, business or profession by reason of a violation of §18.2-499 has a right to seek the recovery of treble damages and the costs of suit, including a reasonable fee to plaintiff's counsel.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request that this Court grant the following relief:

1. That the Court enter judgment for the Plaintiffs in the amount of $50,000,000 as compensatory damages plus pre and post judgment interest at the maximum rate allowed by law under Count I and II;

**2.** That the Court award punitive damages under Counts I and II;

3. That the Court award treble damages and the costs of suit and reasonable attorney's fees under Count III.

4. That the Defendants be preliminarily and permanently enjoined from further acts of defamation relating or referring to Plaintiffs.

5. That the costs of this action be taxed against Defendants under all Counts; and

6. That the Court grant such other and further relief as it may deem just and proper.

PLAINTIFFS HEREBY DEMAND A TRIAL BY JURY.

Date: May 1, 2018               Respectfully submitted,

                                s./ John Hardin Young
                                (VSB) 1553

                                Joseph E. Sandler (*pro hac vice to be sought*)
                                sandler@sandlerreiff.com
                                John Hardin Young
                                young@sandlerreiff.com
                                Sandler Reiff, Lamb, Rosenstein & Birkenstock
                                1090 Vermont Avenue, N.W.
                                Suite 750
                                Washington, D.C. 20005
                                Tel: (202) 479-1111
                                Fax: (202) 479-1115

                                *Attorneys for Plaintiffs*